UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                              MEMORANDUM & ORDER
                                                                              16-CR-298

    - against –

JASON SOTO,

                Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Received by the Court is Defendant's letter motion requesting that the Court (1) stay the execution of a March 15, 2017 warrant for a sample of the Defendant's saliva; (2) schedule and hold a hearing on the motion to vacate the search warrant; and (3) if the Court should permit the warrant for a saliva sample to be executed, to Order that the Defendant's attorney be present when the sample is obtained.

       On March 15, 2017 the government obtained a warrant from Magistrate Judge Moses for a "fresh" saliva sample from the Defendant, explaining that the "sample [already] on file may not be used" for a comparison test to determine whether the Defendant is the source of DNA recovered from a firearm implicated in this case. The government did not submit further explication as to the insufficiency of the existing DNA sample. In a March 16, 2017 letter submitted to the Court, the Defendant objected to the taking of a fresh DNA sample. ECF 31. In that letter, absent citation to explanatory precedent, the Defendant urged that a proper application for a warrant must have included "a sufficient showing of need" for the new sample, beyond those statements submitted by Special Agent Schiliro regarding the inability to utilize the existing sample in certain tests. Id.

This Court finds that the warrant was validly issued, and declines to stay its execution. In arriving at this conclusion, the Court gives "substantial deference" to Magistrate Judge Moses' decision to issue the warrant in the first instance. See United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983). The Magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of the warrant. Id. The Defendant's Fourth Amendment rights are satisfied, as the government seeks to obtain the saliva sample through a validly issued warrant. See e.g. United States v. Nicolosi, 885 F.Supp. 50, 51-56 (E.D.N.Y. 1995) (concluding Fourth Amendment rights against unreasonable search and seizure were implicated by an application to obtain a saliva sample from the defendant, thus necessitating a warrant absent exigent circumstances or another exception to the warrant requirement).[1] For the foregoing reasons, the Defendant's motion to stay the warrant and hold a hearing as to its validity is DENIED.

Finally, the Defendant requests that, if permitted to go forward, his attorney be present when the saliva sample is retrieved. Taking a saliva sample is not a "critical stage" of a criminal proceeding, indicating that the Defendant does not have an affirmative right to the presence of counsel therein. Yusov v. Martinez, No. 00 CIV. 5577 (NRB), 2000 WL 1593387, at *5 (S.D.N.Y. Oct. 24, 2000) ("Defendants were simply not required to take a sample of plaintiff's DNA in the presence of counsel."). Nonetheless, there is nothing barring counsel's presence at such an occasion. The government is therefore directed, out of courtesy, to retrieve the saliva

---

[1] The Defendant's incarceration in the Metropolitan Correctional Facility may result in diminished privacy rights, including the need for probable cause and a warrant to obtain a DNA saliva sample. See United States v. Owens, No. 06-CR-72A, 2006 WL 3725547, at *14 (W.D.N.Y. Dec. 15, 2006), at *14 (W.D.N.Y. Dec. 15, 2006) (noting that "incarcerated persons have a reduced expectation of privacy, including bodily privacy given that such privacy rights may be limited by institutional and security concerns") (internal quotation marks omitted). Such a determination is not required in this case, however, as the Court concludes the warrant was validly issued on the basis of probable cause.

swab from the Defendant in the presence of his attorney if possible, although such presence is not necessary to the vindication of the rights afforded him by the Constitution.

SO ORDERED.

Dated: Brooklyn, New York
March 21, 2017

/s/
I. Leo Glasser
Senior United States District Judge